**COZEN O'CONNOR**
Valerie D. Rojas (State Bar No. 180041)
vrojas@cozen.com
601 South Figueroa Street, Suite 3700
Los Angeles, CA 90017
Telephone: (213) 892-7965
Facsimile: (213) 784-9076

Counsel for Plaintiff SCOTTSDALE
INSURANCE COMPANY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SCOTTSDALE INSURANCE
COMPANY, an Ohio corporation,

        Plaintiff,

        v.

REPAIRPAL, INC., a Delaware
corporation,

and

AUBREY JACKSON SHELTON II, a
California citizen,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.:3:25-cv-5094

**SCOTTSDALE INSURANCE
COMPANY'S COMPLAINT**

[JURY TRIAL DEMANDED]

For its Complaint against Defendants RepairPal, Inc. ("RepairPal") and Aubrey Jackson Shelton II ("Shelton"), Plaintiff Scottsdale Insurance Company ("Scottsdale") states as follows:

1.    This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202, and 1332 and for breach of contract.

## PARTIES

2.    Scottsdale is a corporation organized and existing under the laws of the State of Ohio with its principal place of business located in Scottsdale, Arizona.

3.    RepairPal is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located in San Francisco, California.

4.    Shelton was a senior accountant at RepairPal and is a citizen of the State of California.

## JURISDICTION AND VENUE

5.    The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Scottsdale, on the one hand, and RepairPal and Shelton, on the other hand, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Shelton resides in San Francisco and RepairPal is headquartered in San Francisco, and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL ALLEGATIONS

### The Policy

7.    Scottsdale issued Business and Management Indemnity Policy No. EKS3468389 to RepairPal (the "Policy") effective for the period from March 1, 2023 to March 1, 2024 (the "Policy Period"). A copy of the Policy is attached hereto as "Exhibit 1."

8.    Subject to the Policy's terms, conditions, limitations, exclusions, and endorsements, the Policy provides coverage under an Employment Practices Coverage Section and a Directors and Officers and Company ("D&O") Coverage Section. (Ex. 1 at Declarations, Item 3.)

9.    Insuring Clause A(1) of the D&O Coverage Section states that Scottsdale shall pay the "Loss" of the "Directors and Officers" for which the "Directors and Officers" are not indemnified by RepairPal and which the "Directors and Officers" have become legally obligated to pay by reason of a "Claim" first made against the "Directors and Officers" during the Policy Period or, if elected, the Extended Period and reported to Scottsdale pursuant to Section E(1) of the Policy, for

a "Wrongful Act" taking place prior to the end of the Policy Period. (Ex. 1 at D&O Coverage Section § A(1).)

10.     Insuring Clause A(2) of the D&O Coverage Section states that Scottsdale shall pay the "Loss" of the "Company" for which the "Company" has indemnified the "Directors and Officers" and which the "Directors and Officers" have become legally obligated to pay by reason of a "Claim" first made against the "Directors and Officers" during the Policy Period or, if elected, the Extended Period and reported to Scottsdale pursuant to Section E(1) of the Policy, for a "Wrongful Act" taking place prior to the end of the Policy Period. (Ex. 1 at D&O Coverage Section § A(2).)

11.     "Directors and Officers" is defined in the D&O Coverage Section, in relevant part, as any person who was, now is, or shall become a duly elected or appointed director, officer, or similar executive of the Company, or a full-time or part-time employee of RepairPal. (Ex. 1 at D&O Coverage Section § B(4), as amended by Endorsements No. 25, 32, 40.)

12.     "Claim" is defined in the D&O Coverage Section, in pertinent part, as "a criminal proceeding against any 'Insured' commenced by a return of an indictment or similar document, or receipt of filing of a notice of charges," among other things. (Ex. 1 at D&O Coverage Section §§ B(1)(d), as amended by Endorsements No. 4, 30, 34.)

13.     "Insured" is defined as the "Company" (i.e., RepairPal) and the Directors and Officers. (Ex. 1 at D&O Coverage Section § B(5); General Terms & Conditions § B(2); Declarations, Item 1.)

14.     "Loss" is defined in the D&O Coverage Section, in relevant part, as damages, judgments, settlements, pre-judgment or post-judgment interest awarded by a court, and "Costs, Charges and Expenses" incurred by Directors and Officers under Insuring Clause 1, with several exceptions. (Ex. 1 at D&O Coverage Section § B(7), as amended by Endorsement No. 7.)

15.    "Wrongful Act" is defined in the D&O Coverage Section, in relevant part, as:

> any actual or alleged error, omission, misleading statement, misstatement, neglect, breach of duty or act allegedly committed or attempted by:
>
> a. any of the Directors and Officers, while acting in their capacity as such, or any matter claimed against any Director and Officer solely by reason of his or her serving in such capacity;
>
> b. any of the Directors and Officers, while acting in their capacity as a director, officer, trustee, governor, executive director or similar position of any 'Outside Entity' where such service is with the knowledge and consent of [RepairPal] . . . .

(Ex. 1 at D&O Coverage Section § B(9).)

16.    "Costs, Charges and Expenses" is defined in the D&O Coverage Section, in pertinent part, as "reasonable and necessary legal costs, charges, fees and expenses incurred by any of the Insureds in defending Claims . . . ." (Ex. 1 at D&O Coverage Section § B(3)(a), as amended by Endorsement No. 34.)

17.    The Policy states that it shall be the duty of Scottsdale and not the duty of the Insureds to defend any Claim. (Ex. 1 at D&O Coverage Section § F(1).)

18.    The Policy states: "The Insureds agree not to settle or offer to settle any Claim, incur any Costs, Charges and Expenses or otherwise assume any contractual obligation to admit any liability with respect to any Claim without the prior written consent of [Scottsdale], such consent not to be unreasonably withheld. [Scottsdale] shall not be liable for any settlement, Costs, Charges and Expenses, assumed obligation or admission to which it has not consented" (the "Consent Provision"). (Ex. 1 at D&O Coverage Section § F(3).)

**The Underlying Action**

19.    On or about August 15, 2023, the United States of America filed an Indictment against Shelton, No. 3:23-cr-00258-JSC, in the United States District

Court for the Northern District of California (the "Underlying Action"). A copy of the Underlying Action is attached hereto as "Exhibit 2."

20.    In the Underlying Action, the Government alleged that Shelton engaged in a scheme to defraud RepairPal by diverting money in RepairPal's bank accounts for his own personal use. (Ex. 2 ¶¶ 6-7.)

21.    The Government asserted that Shelton inflated his salary and bonus by representing that he was entitled to receive "executive loans" and "reimbursements" that he did not actually incur, provided false payroll documentation in furtherance of the scheme, and failed to disclose to RepairPal that he had improperly transferred money from RepairPal's bank accounts to his personal accounts. (*Id.* ¶ 7.)

22.    The Government asserted the following causes of action against Shelton: (1) bank fraud in violation of 18 U.S.C. § 1344(a); (2) wire fraud in violation of 18 U.S.C. § 1343; (3) tax evasion in violation of 26 U.S.C. § 7201; (4) aiding and abetting in violation of 18 U.S.C. § 2; and (5) forfeiture in violation of 18 U.S.C. § 982(a)(2). (*Id.* at 1.)

### Scottsdale's Coverage Position

23.    After the Underlying Action was tendered to Scottsdale for coverage under the Policy, on or about October 2, 2023, counsel for Scottsdale sent a letter to counsel for Shelton indicating that Scottsdale would provide a defense to Shelton in connection with the Claim pursuant to its right and duty to do so under the Policy. A copy of the October 2, 2023 letter is attached hereto as "Exhibit 3."

24.    Pursuant to Scottsdale's right and duty to defend under the Policy, Scottsdale appointed Theresa Kristovich of the law firm of Kabat Chapman & Ozmer to defend Shelton with respect to the allegations asserted against him in the Underlying Action. (Ex. 3 at 5.)

25.    On or about October 6, 2023, counsel for Shelton sent a letter to counsel for Scottsdale disputing Scottsdale's entitlement to appoint counsel to defend Shelton

in the Underlying Action. A copy of the October 6, 2023 letter is attached hereto as "Exhibit 4."

26.    In the October 6, 2023 letter, counsel for Shelton stated: "Mr. Shelton requests that Scottsdale accept his appointment of Paul Hastings as counsel and cover Paul Hastings' fees as they defend him in the criminal case." (Ex. 4 at 3.)

27.    On or about October 13, 2023, counsel for Scottsdale sent a letter to counsel for Shelton again stating that it was appointing Theresa Kristovich of Kabat Chapman & Ozmer to defend Shelton pursuant to Scottsdale's right and duty to do so under the Policy. A copy of the October 13, 2023 letter is attached hereto as "Exhibit 5."

28.    Scottsdale has never consented, in writing or otherwise, to Shelton incurring any Costs, Charge and Expenses by any law firm or company other than Kabat Chapman & Ozmer in connection with the Underlying Action.

29.    Shelton has refused to use Theresa Kristovich of Kabat Chapman & Ozmer to defend him in the Underlying Action.

30.    Shelton retained Paul Hastings LLP to represent him in connection with the Underlying Action without Scottsdale's consent.

31.    Upon information and belief, Paul Hastings LLP incurred fees and expenses in connection with its representation of Shelton in the Underlying Action.

32.    On or about February 29, 2024, Shelton filed a lawsuit against RepairPal, No. 2024-0197, in the Court of Chancery of the State of Delaware alleging that RepairPal failed to advance to Shelton the fees and expenses that he allegedly incurred in defense of the Underlying Action in violation of the RepairPal Bylaws and a February 24, 2020 Indemnification Agreement entered into between RepairPal and Shelton (the "Advancement Action").

33.    On or about June 3, 2024, the court in the Advancement Action entered an Order directing RepairPal to pay two-thirds of the fees and expenses that Shelton allegedly incurred in defense of the Underlying Action.

34.    On or about May 28, 2025, Scottsdale was informed that RepairPal believes that Scottsdale should reimburse it for the fees and expenses that it has been ordered to pay that were allegedly incurred by Paul Hastings, LLP on behalf of Shelton in defense of the Underlying Action.

## COUNT I – DECLARATORY JUDGMENT AS TO CONSENT PROVISION

35.    Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.    An actual, present, and justiciable controversy exists concerning whether Shelton violated the Consent Provision by failing to obtain Scottsdale's consent to Paul Hastings, LLP incurring fees and expenses in connection with the Underlying Action.

37.    Scottsdale requests that the Court declare that there is no coverage under the Policy for any fees or expenses incurred by Paul Hastings, LLP (or any other law firm or company to which Scottsdale did not consent) in connection with Shelton's defense in the Underlying Action and, as a result, Scottsdale is not obligated to reimburse Shelton or RepairPal for any such fees and expenses.

## COUNT II – BREACH OF CONTRACT

38.    Scottsdale hereby adopts by reference the allegations contained in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.    The Policy constitutes a valid and enforceable contract between Scottsdale and Defendants.

40.    Scottsdale has performed all of its obligations under the Policy with respect to the Underlying Action.

41.    Defendants breached the Policy by failing to obtain Scottsdale's consent to use Paul Hastings, LLP to defend Shelton in the Underlying Action.

42.    Defendants' breach of the Policy was material and, therefore, excused any obligation on the part of Scottsdale to provide coverage under the Policy for any

fees or expenses incurred by Paul Hastings, LLP in connection with the Underlying Action.

43.    Defendants' breach of the Policy was a substantial factor in causing Scottsdale's damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Scottsdale prays that this Court enter an Order:

1.    declaring that there is no coverage under the Policy for any fees or expenses incurred by Paul Hastings, LLP (or any other law firm or company to which Scottsdale did not consent) in connection with Shelton's defense in the Underlying Action and, as a result, Scottsdale is not obligated to reimburse Shelton or RepairPal for any such fees and expenses;

2.    finding that Defendants' breach of the Policy was material and, therefore, excused any obligation on the part of Scottsdale to provide coverage to Shelton for any fees or expenses incurred by Paul Hastings, LLP in connection with the Underlying Action;

3.    awarding Scottsdale its costs, expenses, and attorneys' fees; and

4.    awarding Scottsdale all other relief that the Court deems just and equitable.

5.    Jury trial demanded.


DATED: June 16, 2025                     **COZEN O'CONNOR**

                                         By: */s/ Valerie Rojas*
                                             Valerie Rojas
                                             Attorneys for Plaintiff SCOTTSDALE
                                             INSURANCE COMPANY