Tyler Gerking (State Bar No. 222088)
tgerking@fbm.com
Shanti Eagle (State Bar No. 267704)
seagle@fbm.com
Chris Hamborsky (State Bar No. 362284)
chamborsky@fbm.com
Farella Braun + Martel LLP
One Bush Plaza, Suite 900
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorney for Defendant
REPAIRPAL, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SCOTTSDALE INSURANCE COMPANY, an Ohio corporation,<br><br>Plaintiff,<br><br>v.<br><br>REPAIRPAL, INC., a Delaware corporation,<br><br>and<br><br>AUBREY JACKSON SHELTON II, a California citizen,<br><br>Defendants. | Case No. 4:25-cv-05094-JST<br><br>**DEFENDANT REPAIRPAL'S ANSWER TO COMPLAINT AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>The Hon. Jon S. Tigar<br><br>Action Filed: June 16, 2025 |

Defendant REPAIRPAL, INC. ("Defendant" or "RepairPal") by and through its undersigned counsel, hereby submits its Answer to Plaintiff SCOTTSDALE INSURANCE COMPANY's ("Plaintiff" or "Scottsdale") Complaint (the "Complaint").

**ANSWER**

1. REPAIRPAL admits that Plaintiff is seeking the stated relief as alleged in Paragraph 1 of the Complaint, but denies that Plaintiff is entitled to any relief.

**PARTIES**

2. On information and belief, REPAIRPAL admits the allegations contained in Paragraph 2 of the Complaint.

3. REPAIRPAL admits the allegations contained in Paragraph 3 of the Complaint.

4. REPAIRPAL denies the allegations contained in Paragraph 4 of the Complaint as incomplete in that Shelton did not hold the title Senior Accountant at all relevant times. Shelton was a Senior Accountant when initially hired by REPAIRPAL. REPAIRPAL admits that Shelton is a citizen of California.

**JURISDICTION AND VENUE**

5. In response to the allegations contained in Paragraph 5 of the Complaint, REPAIRPAL admits that this Court has jurisdiction over this action.

6. In response to allegations contained in Paragraph 6 of the Complaint, REPAIRPAL admits that venue in this District is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

**FACTUAL ALLEGATIONS**

**The Policy**

7. On information and belief, REPAIRPAL admits the allegations set forth in Paragraph 7.

8. REPAIRPAL admits the allegations set forth in Paragraph 8 of the Complaint but refers the Court to the full text of the Policy, which is attached to the Complaint and speaks for itself.

9. REPAIRPAL admits that the Policy contains the excerpted language quoted in Paragraph 9 of the Complaint but refers the Court to the full text of the Policy, which is attached

to the Complaint and speaks for itself.

10. REPAIRPAL admits that the Policy contains the excerpted language quoted in Paragraph 10 of the Complaint but refers the Court to the full text of the Policy, which is attached to the Complaint and speaks for itself.

11. REPAIRPAL admits that the Policy contains the excerpted language quoted in Paragraph 11 of the Complaint but notes that Paragraph 11 of the Complaint includes only a portion of the definition of the term “Directors and Officers” included in the Policy. REPAIRPAL refers the Court to the full text of the Policy, which is attached to the Complaint and speaks for itself.

12. REPAIRPAL admits that the policy contains the excerpted language quoted in Paragraph 12 of the Complaint but notes that Paragraph 12 of the Complaint includes only a portion of the definition of the term “Claim” included in the Policy. REPAIRPAL refers the Court to the full text of the Policy, which is attached to the Complaint and speaks for itself.

13. REPAIRPAL admits the allegations set forth in Paragraph 13 of the Complaint but refers the Court to the full text of the Policy, which is attached to the Complaint and speaks for itself.

14. REPAIRPAL admits that the Policy contains the excerpted language quoted in Paragraph 14 of the Complaint but notes that Paragraph 14 of the Complaint includes only a portion of the definition of the term “Loss” included in the Policy. REPAIRPAL refers the Court to the full text of the Policy, which is attached to the Complaint and speaks for itself.

15. REPAIRPAL admits that the Policy contains the excerpted language quoted in Paragraph 15 of the Complaint but notes that Paragraph 15 of the Complaint includes only a portion of the definition of the term “Wrongful Act” included in the Policy. REPAIRPAL refers the Court to the full text of the Policy, which is attached to the Complaint and speaks for itself.

16. REPAIRPAL admits that the Policy contains the excerpted language quoted in Paragraph 16 of the Complaint but notes that Paragraph 16 of the Complaint includes only a portion of the definition of the term “Costs, Charges, and Expenses” included in the Policy. REPAIRPAL refers the Court to the full text of the Policy, which is attached to the Complaint and

speaks for itself.

17. REPAIRPAL admits that the policy contains the excerpted language quoted in Paragraph 17 of the Complaint but refers the Court to the full text of the Policy, which is attached to the Complaint and speaks for itself.

18. REPAIRPAL admits that the policy contains the excerpted language quoted in Paragraph 18 of the Complaint but notes that Paragraph 18 of the Complaint includes only a portion of the Consent Provision. REPAIRPAL refers the Court to the full text of the Policy, which is attached to the Complaint and speaks for itself.

**The Underlying Action**

19. REPAIRPAL admits the allegations set forth in Paragraph 19 of the Complaint.

20. REPAIRPAL admits the Indictment contained such allegations, as set forth in Paragraph 20 of the Complaint.

21. REPAIRPAL admits the Indictment contained such allegations, as set forth in Paragraph 21 of the Complaint.

22. REPAIRPAL admits the Indictment contained those causes of action numbered (2), (3), (4), and (5) in the Complaint, but denies that cause of action numbered (1) in Paragraph 22 of the Complaint is correctly stated. The cause of action was brought under 18 U.S.C. § 1344(2) for Bank Fraud, not under "18 U.S.C. § 1344(a)" as stated in Plaintiff's Complaint.

**Scottsdale's Coverage Position**

23. REPAIRPAL lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 23 of the Complaint, and on that basis the allegations are denied.

24. REPAIRPAL lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 24 of the Complaint, and on that basis the allegations are denied.

25. REPAIRPAL lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 25 of the Complaint, and on that basis the allegations are denied.

26. REPAIRPAL lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 26 of the Complaint, and on that basis the allegations are denied.

27. REPAIRPAL lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 27 of the Complaint, and on that basis the allegations are denied.

28. REPAIRPAL lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 28 of the Complaint, and on that basis the allegations are denied.

29. REPAIRPAL lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations contained in Paragraph 29 of the Complaint, and on that basis the allegations are denied.

30. On information and belief, REPAIRPAL admits that Shelton retained Paul Hastings LLP to represent him in connection with the Underlying Action. REPAIRPAL lacks sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations contained in Paragraph 30 of the Complaint, and on that basis the allegations are denied.

31. On information and belief, REPAIRPAL admits the allegations set forth in Paragraph 31 of the Complaint.

32. REPAIRPAL admits the allegations set forth in Paragraph 32 of the Complaint to the extent it summarizes Shelton's claims against REPAIRPAL in the Advancement Action.

33. REPAIRPAL denies the allegations set forth in Paragraph 33 of the Complaint.

34. REPAIRPAL denies the allegations set forth in Paragraph 34 of the Complaint.

## CAUSE OF ACTION NO. 1 – DECLARATORY JUDGMENT AS TO CONSENT PROVISION

35. Paragraph 35 contains no factual allegations to which REPAIRPAL is required to respond. In the alternative, to the extent a response is required, REPAIRPAL hereby realleges and incorporates by reference its responses contained in all preceding paragraphs of this Answer as though fully set forth herein.

36. To the extent the statement at Paragraph 36 is deemed to be a legal conclusion, no response is required. In the alternative, REPAIRPAL admits that a controversy exists, but denies the remaining allegations as set forth in Paragraph 36 of the Complaint.

37. Paragraph 37 is a request for relief and contains no factual allegations to which REPAIRPAL is required to respond. In the alternative, to the extent a response is required, REPAIRPAL denies SCOTTSDALE is entitled to the relief sought in Paragraph 37 of the Complaint.

**CAUSE OF ACTION NO. 2 – BREACH OF CONTRACT**

38. Paragraph 38 contains no factual allegations to which REPAIRPAL is required to respond. In the alternative, to the extent a response is required, REPAIRPAL hereby realleges and incorporates by reference its responses contained in all preceding paragraphs of this Answer as though fully set forth herein.

39. REPAIRPAL admits the allegations contained in Paragraph 39 of the Complaint insofar as the Policy constitutes a valid and enforceable contract between SCOTTSDALE and REPAIRPAL, only.

40. REPAIRPAL denies the allegations set forth in Paragraph 40 of the Complaint.

41. REPAIRPAL denies the allegations set forth Paragraph 41 of the Complaint.

42. REPAIRPAL denies the allegations set forth in Paragraph 42 of the Complaint.

43. REPAIRPAL denies the allegations set forth in Paragraph 43 of the Complaint.

**PRAYER FOR RELIEF**

REPAIRPAL denies that SCOTTSDALE is entitled to any judgment against REPAIRPAL and denies that SCOTTSDALE should take anything by its Complaint.

**AFFIRMATIVE DEFENSES**

REPAIRPAL asserts the following affirmative defenses in response to SCOTTSDALE's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated below. REPAIRPAL specifically reserves the right to supplement or amend this Answer to assert any or all affirmative defenses which may be available through information developed in discovery, at trial, or

otherwise.

**FIRST AFFIRMATIVE DEFENSE**

**(Waiver)**

SCOTTSDALE is barred from recovering on its Complaint and its causes of action therein because it has waived whatever right it may have had to assert the claims. SCOTTSDALE affirmatively asserted certain positions, failed to take proper steps to assert other positions in a timely fashion, knowingly relinquished certain claims and positions, and otherwise acted in a manner inconsistent with an intent to assert or preserve its rights to assert such claims and positions.

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel)**

SCOTTSDALE is estopped to enforce its claims and its interpretation of the insurance policy because it affirmatively asserted certain positions, failed to take proper steps to assert other positions in a timely fashion, and otherwise acted in a manner inconsistent with an intent to assert or preserve the rights it asserts, all to the continuing detriment of REPAIRPAL.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

SCOTTSDALE is barred from any recovery by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

SCOTTSDALE's claims are barred in whole or in part by the applicable statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

**(Barred by Policy Language)**

The Complaint, and each and every count and cause of action purportedly stated therein, is barred, in whole or in part, by the provisions, terms, and conditions of the applicable Policy.

**SIXTH AFFIRMATIVE DEFENSE**

**(Breach of Contract)**

SCOTTSDALE'S claims are barred, in whole or in part, because SCOTTSDALE breached the insurance Policy.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Breach Of The Implied Covenant Of Good Faith And Fair Dealing)**

SCOTTSDALE'S claims are barred, in whole or in part, because SCOTTSDALE breached the implied covenant of good faith and fair dealing contained in the insurance Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

The Complaint is barred, in whole or in part, by the equitable doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Other Unknown Defenses)**

REPAIRPAL currently has insufficient knowledge or information to form a belief as to whether it may have additional, as yet unstated, defenses available. REPAIRPAL therefore reserves the right to assert additional defenses in the event discovery indicates it would be appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, REPAIRPAL prays for judgment as follows:

1. That SCOTTSDALE take nothing by reason of its Complaint;

2. For costs of suit incurred herein;

3. For such other and further relief as the Court may deem just and proper.

Farella Braun + Martel LLP
One Bush Plaza, Suite 900
San Francisco, California 94104
(415) 954-4400

**COUNTERCLAIMS AGAINST SCOTTSDALE INSURANCE COMPANY**

For its counterclaims against SCOTTSDALE INSURANCE COMPANY ("SCOTTSDALE"), defendant and counterclaimant REPAIRPAL, INC. ("REPAIRPAL") by and through its undersigned counsel, alleges as follows:

**JURISDICTION**

1. This Court has jurisdiction to hear the counterclaims of REPAIRPAL and is a court of competent jurisdiction to grant the relief requested.

2. The Court has supplemental jurisdiction in this action over REPAIRPAL' s counterclaims under 28 U.S.C. §1367(a) in that it involves the exact same insurance policy that is at issue in SCOTTSDALE's Complaint and is brought in accordance with Federal Rule of Civil Procedure 13 and the relief sought exceeds $75,000. In addition, the Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§1332, 2201 and 2202 because a substantial controversy exists between the parties, and it is a civil action between parties who are citizens of different states and the matter in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

3. This Court has jurisdiction over SCOTTSDALE, which has submitted itself to the jurisdiction of this Court by filing suit against REPAIRPAL. SCOTTSDALE is subject to personal jurisdiction in this Court because it maintains places of business in the State of California, transacts business in California, and/or has entered into contracts insuring California entities for locations in and work conducted in California.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

**THE PARTIES**

5. REPAIRPAL is a Delaware corporation with its principal place of business in San Francisco, California.

6. REPAIRPAL is informed and believes and on that basis alleges that SCOTTSDALE is an Ohio corporation with its principal place of business in Arizona. REPAIRPAL is also informed and believes and on that basis alleges that SCOTTSDALE is, and

was at all relevant times, authorized to transact business in the State of California.

**VENUE**

7. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

**DIVISIONAL ASSIGNMENT**

8. This matter has been assigned to the Oakland Division of the United States District Court for the Northern District of California pursuant to an Order Reassigning Case issued on July 14, 2025 (Dkt. 12).

**GENERAL ALLEGATIONS**

9. This is an insurance coverage action arising out of SCOTTSDALE's breach of its duty to defend Jackson Shelton II (Shelton), an employee of REPAIRPAL and an Insured, and breach of its duty to indemnify REPAIRPAL, its other insured, for defense costs incurred by Shelton and indemnified by REPAIRPAL. Furthermore, SCOTTSDALE'S willful breaches of its obligations under its Policy in connection with REPAIRPAL's attempts to obtain the benefits owed under the Policy constitute a breach of the implied covenant of good faith and fair dealing.

**A. THE POLICY**

10. SCOTTSDALE issued Business and Management Indemnity Liability Policy No. EKS3468389, effective March 1, 2023 to March 1, 2024 to REPAIRPAL (the "Policy").

11. The Policy requires SCOTTSDALE to pay the "Loss" of the "Directors and Officers" "for which the Directors and Officers are not indemnified by [REPAIRPAL] and which the Directors and Officers have become legally obligated to pay by reason of a Claim first made against the Directors and Officers during the Policy Period … and reported to the Insurer pursuant to Section E.1. herein, for any Wrongful Act taking place prior to the end of the Policy Period."

12. The Policy also imposes on SCOTTSDALE the duty to defend covered Claims.

13. "Directors and Officers" is defined to include any current or former director, officer, or employee of REPAIRPAL.

14. Shelton qualified as a "Director and Officer" of REPAIRPAL either as an employee or as an officer and, therefore, was an Insured under the Policy.

15. SCOTTSDALE does not dispute that Shelton was an Insured Director or Officer.

16. The Policy also requires SCOTTSDALE to pay the "Loss" of REPAIRPAL for which REPAIRPAL "has indemnified the Directors and Officers and which the Directors and Officers have become legally obligated to pay by reason of a Claim first made against the Directors and Officers during the Policy Period … and reported to the Insurer pursuant to Section E.1. herein, for any Wrongful Act taking place prior to the end of the Policy Period."

17. The term "Loss" is defined in the Policy to include "Costs, Charges and Expenses," which itself is defined to include damages, judgments, settlements, pre-judgment or post-judgment interest awarded by a court, as well as "reasonable and necessary legal costs, charges, fees and expenses incurred by any of the Insureds in defending Claims."

18. The term "Claim" is defined in the Policy to include "a criminal proceeding against any 'Insured' commenced by a return of an indictment or similar document, or receipt of filing of a notice of charges," among other things.

19. The term "Wrongful Act" is defined in the Policy to include "any actual or alleged error, omission, misleading statement, neglect, breach of duty or act allegedly committed or attempted by" any "Directors and Officers."

**B. <u>THE INDICTMENT</u>**

20. On August 15, 2023 Shelton was indicted in a matter captioned *United States of America v. Aubrey Jackson Shelton II*, Case No. CR 23-258-JSC, in the United States District Court, Northern District of California, San Francisco Division (the "Indictment"). The United States Attorneys alleged Shelton defrauded REPAIRPAL of $2.7 million dollars, including by falsifying documents and transferring money from REPAIRPAL to himself. The Indictment included counts of bank fraud, wire fraud, and tax evasion, among other offenses. The government sought forfeiture, restitution, fines, and jail time.

**C. <u>SHELTON'S COVERAGE CLAIM AND SCOTTSDALE'S RESPONSE</u>**

21. The Indictment was a Claim against Shelton, alleged Wrongful Acts, and was made during the Policy Period.

22. The Indictment was timely reported to SCOTTSDALE.

23. SCOTTSDALE acknowledged that the Indictment was a Claim for a Wrongful Act that triggered SCOTTSDALE's duty to defend.

24. On September 23, 2023, Emil Soskin of Nationwide (*dba* Scottsdale) sent an email to Dru Meier of REPAIRPAL, informing RepairPal that "Nationwide received a Claim filed by Aubrey Shelton II under a D&O Policy EKS3468389."

25. On September 28, 2023, Emil Soskin wrote to Kaitlin Demma of REPAIRPAL, saying he was investigating coverage and requesting further information regarding the Claim.

26. On or about October 2, 2023, REPAIRPAL responded to SCOTTSDALE's request for information and advised that REPAIRPAL was not indemnifying Shelton.

27. SCOTTSDALE subsequently agreed to defend Shelton against the Indictment, pursuant to a reservation of rights.

28. SCOTTSDALE's reservation of rights and defense of Shelton created a conflict of interest between SCOTTSDALE and Shelton.

29. SCOTTSDALE's defense of Shelton also created a conflict of interest between SCOTTSDALE and its other insured, REPAIRPAL. REPAIRPAL was adverse to Shelton in the Indictment.

30. On information and belief, Shelton – through his attorneys – asserted to SCOTTSDALE that he had the right to retain independent defense counsel under California Civil Code § 2860.

31. SCOTTSDALE refused to acknowledge, and rejected Shelton's assertion, that Shelton was entitled to independent defense counsel under California Civil Code § 2860.

32. SCOTTSDALE insisted that it had the right to control Shelton's defense against the Indictment and appointed defense counsel to represent Shelton in his defense against the Indictment.

33. By failing to advise Shelton of his right to independent defense counsel pursuant to California Civil Code § 2860 and refusing to permit Shelton to retain independent defense counsel despite a clear conflict of interest, SCOTTSDALE breached its duty to defend and the implied covenant of good faith and fair dealing.

34. Shelton rejected SCOTTSDALE's appointed defense counsel and retained a law firm to defend him against the Indictment.

**D. <u>SHELTON'S CLAIM FOR ADVANCEMENT AGAINST REPAIRPAL</u>**

35. During Shelton's employment with REPAIRPAL, REPAIRPAL and Shelton executed an indemnification agreement dated February 20, 2020 whereby REPAIRPAL would indemnify Shelton for, among other things, expenses reasonably incurred by Shelton in connection with any proceedings initiated against him by reason of the fact that he is or was a director, officer, employee or agent of REPAIRPAL (the "Indemnification Agreement").

36. On or about January 5, 2024, Shelton wrote REPAIRPAL threatening to sue REPAIRPAL if it did not agree to advance 70% of the attorneys' fees and costs he had incurred, and was continuing to incur, in connection with his defense of the Indictment.

37. On February 29, 2024, Shelton filed an action in the Delaware Court of Chancery against REPAIRPAL, alleging that REPAIRPAL had wrongfully refused to advance to the attorneys' fees and costs Shelton had incurred, and was continuing to incur, in the defense of the Indictment pursuant to the Indemnification Agreement. This case was captioned *Shelton v. RepairPal, Inc.*, Del. Ch. C.A. No. 2024-0197-KSJM (the "Advancement Action").

38. REPAIRPAL promptly tendered the Advancement Action to SCOTTSDALE on or about March 1, 2024. At the same time, REPAIRPAL asked Scottsdale to confirm that REPAIRPAL was permitted to use its own selected counsel, Fenwick & West, LLP ("Fenwick"), who was already familiar with the case, to defend REPAIRPAL in the Advancement Action, and REPAIRPAL offered to pay any difference between SCOTTSDALE's panel counsel rates and the rates charged by REPAIRPAL's chosen counsel, Fenwick.

39. On March 4, 2024, SCOTTSDALE advised REPAIRPAL that it had assigned counsel, Kennedys Law LLP ("Kennedys"), to defend REPAIRPAL in the Advancement Action. SCOTTSDALE also stated in its March 4, 2024 correspondence that it would not cover REPAIRPAL in the Advancement Action if it used its chosen counsel, Fenwick, or "any other unapproved counsel."

40. SCOTTSDALE reserved rights with respect to coverage under the Policy for Loss

incurred in connection with the Advancement Action in a way that created a conflict of interest between SCOTTSDALE and REPAIRPAL, but SCOTTSDALE did not advise REPAIRPAL of its right to independent counsel under California Civil Code § 2860 in the defense of the Advancement Action.

41. SCOTTSDALE's defense of REPAIRPAL in the Advancement Action also created an additional conflict of interest between SCOTTSDALE, Shelton and REPAIRPAL.

42. Nevertheless, SCOTTSDALE, through its chosen counsel, defended REPAIRPAL against Shelton's claims in the Advancement Action and argued, among other things, that REPAIRPAL had no obligation to Shelton to advance attorneys' fees and costs he incurred in defense of the Indictment.

43. On May 13, 2024, the Delaware Court of Chancery held a hearing in the Advancement Action on Shelton and REPAIRPAL's respective cross-motions for summary judgment. At the hearing, the Delaware Court of Chancery announced that it was granting Shelton's motion for summary judgment in part and directed counsel to file a form of order implementing the ruling.

44. In a letter dated May 21, 2024, SCOTTSDALE confirmed its agreement to defend REPAIRPAL in the Advancement Action subject to a purported reservation of rights.

45. On information and belief, when SCOTTSDALE sent its May 21, 2024 letter to REPAIRPAL, SCOTTSDALE knew that the Delaware Court of Chancery had granted Shelton's motion for summary judgment in part on May 13, 2024, requiring REPAIRPAL to advance to Shelton the attorneys' fees and costs that Shelton had incurred, and was continuing to incur, in his defense against the Indictment.

46. On June 3, 2024, the Delaware Court of Chancery entered an order *requiring* REPAIRPAL to advance legal fees and expenses incurred by Shelton in connection with nine of the twelve counts asserted against him in the Indictment (the "Order"). In addition, the Delaware Court of Chancery's June 3, 2024 Order required REPAIRPAL to pay two-thirds of the "Fees-on-Fees" reasonably incurred by Shelton in prosecuting the Advancement Action, plus all expenses incurred in preparing Demands.

47. SCOTTSDALE did not agree to advance, indemnify, or reimburse REPAIRPAL for any of the amounts the Order required REPAIRPAL to advance or pay to Shelton.

48. From June 18, 2024 through May 20, 2025, Shelton continued to send letters to Kennedys, the defense counsel SCOTTSDALE had appointed to defend REPAIRPAL in the Advancement Action, seeking reimbursement of defense fees and costs he had incurred in connection with his defense against the Indictment.

49. A trial for Shelton related to the Indictment was held in March 2025 and, at the conclusion of the trial, the jury was unable to reach a verdict and the Court declared a mistrial.

50. On May 23, 2025, the United States dismissed the Indictment against Shelton, noting the mistrial.

51. On or about May 28, 2025, REPAIRPAL requested that SCOTTSDALE reimburse REPAIRPAL amounts for which it had indemnified Shelton in defense of the Indictment in accordance with the Order in the Advancement Action.

52. Based on the Order in the Advancement Action, Shelton ultimately demanded that REPAIRPAL indemnify him for over $7.3 million in fees and costs, including “Fees on Fees.”

53. REPAIRPAL disputed certain of the amounts that Shelton had demanded and received some fee reductions.

54. REPAIRPAL ultimately paid in excess of $6.5 million to Shelton and his counsel as advanced and indemnified fees and costs and “Fees on Fees” pursuant to the Order in the Advancement Action (the “Indemnified Fees”).

55. The Indemnified Fees constitute covered “Loss” incurred by REPAIRPAL for which REPAIRPAL has indemnified Shelton, a qualifying “Director and Officer,” within the meaning of the Policy.

56. Thus, the Indemnified Fees constitute a covered Loss for which SCOTTSDALE must reimburse REPAIRPAL, up to the Policy’s limit.

57. SCOTTSDALE never responded to REPAIRPAL’s May 28, 2025 request for reimbursement of the Advanced Fees, in violation of California’s Fair Claims Settlement Practices Act and accompanying regulations.

58. On June 16, 2025, SCOTTSDALE filed the Complaint in this action.

59. By failing to reimburse REPAIRPAL (and effectively denying REPAIRPAL'S claim by filing the Complaint), SCOTTSDALE has breached the Policy and the covenant of good faith and fair dealing, and REPAIRPAL has suffered harm as a result.

**FIRST CAUSE OF ACTION**

**(Breach of Contract)**

60. REPAIRPAL realleges and incorporates by reference the allegations of each and every Paragraph in the Counterclaims as if fully set forth here.

61. The Policy constitutes a valid and enforceable written contract between REPAIRPAL and SCOTTSDALE.

62. REPAIRPAL has fully satisfied its obligations under the Policy, save for any requirements which have been waived, or which are excused by SCOTTSDALE's breaches.

63. The Policy provided a duty to defend Shelton against the Indictment.

64. The Policy provides coverage for REPAIRPAL for amounts which it paid to indemnify Shelton for defense fees and costs with respect to the Indictment and any additional amounts REPAIRPAL incurred in connection with the Advancement Action.

65. No exclusions apply to preclude coverage.

66. SCOTTSDALE breached its contractual obligations by, among other things,

a. Failing and refusing to provide Shelton with independent counsel with regard to the Indictment, despite a clear conflict of interest, and failing to defend Shelton against, or pay the defense costs that Shelton incurred in defending, the Indictment;

b. Failing and refusing to provide REPAIRPAL with independent counsel with regard to the Advancement Action, despite a clear conflict of interest;

c. Refusing to indemnify REPAIRPAL for amounts it has paid in connection with the Indictment and Advancement Action under the Policy; and

67. As a result of SCOTTSDALE's breach of contract, SCOTTSDALE cannot rely on any potentially applicable exclusions to avoid its coverage obligation under the Policy.

68. As a proximate result of SCOTTSDALE's breaches, REPAIRPAL has been damaged as set forth herein.

69. WHEREFORE, REPAIRPAL prays for relief as set forth hereinafter.

**SECOND CAUSE OF ACTION**

**(Declaratory Judgment)**

70. REPAIRPAL realleges and incorporates by reference the allegations of each and every Paragraph in the Counterclaims as if fully set forth here.

71. An actual, present, and justiciable controversy exists between the parties regarding coverage provided under the Policy in relation to the Indictment and the Advancement Action.

72. SCOTTSDALE admits that such a controversy exists, as demonstrated in its Complaint. SCOTTSDALE contends that no coverage is available to REPAIRPAL for the amounts paid to Shelton pursuant to the Order in the Advancement Action.

73. A judicial determination of the parties' rights and liabilities with respect to this issue is necessary and appropriate.

74. REPAIRPAL seeks a declaration that there is coverage for REPAIRPAL for the amounts REPAIRPAL paid in connection with the Indictment and the Advancement Action.

75. REPAIRPAL further seeks a declaration that, pursuant to the terms of the Policy, any acts or omissions by Shelton with respect to accepting or refusing SCOTTSDALE's purported defense of the Indictment do not preclude or otherwise impact the coverage owed to REPAIRPAL under the Policy.

76. WHEREFORE, REPAIRPAL prays for relief as set forth hereinafter.

**THIRD CAUSE OF ACTION**

**(Breach Of The Implied Covenant Of Good Faith)**

77. REPAIRPAL realleges and incorporates by reference the allegations of each and every Paragraph in the Counterclaim as if fully set forth here.

78. The Policy contains an implied covenant of good faith and fair dealing under which SCOTTSDALE agreed, among other things, not to take any action that would deprive REPAIRPAL of the rights and benefits due to it under the Policy.

79. SCOTTSDALE has breached the implied covenant by, among other things, failing and refusing to provide independent counsel for Shelton despite a clear conflict of interest; failing and refusing to defend Shelton or pay Shelton's defense costs in connection with the Indictment; deliberately and wrongfully refusing to reimburse REPAIRPAL for the amounts it has paid in connection with the Indictment and the Advancement Action; and erroneously contending that there is no coverage for REPAIRPAL on the ground that such Loss based on independent acts or omissions of Shelton.

80. As a proximate result of SCOTTSDALE's tortious breach of the implied covenant of good faith, REPAIRPAL has been damaged as set forth herein.

81. As a result of SCOTTSDALE's breach of the implied covenant of good faith and fair dealing, REPAIRPAL is entitled to attorneys' fees incurred in establishing its right to the benefits under the Policy, including its fees in this action pursuant to *Brandt v. Superior Court*, 37 Cal.3d. 813 (1985).

82. WHEREFORE, REPAIRPAL prays for relief as set forth hereinafter.

**PRAYER FOR RELIEF**

REPAIRPAL prays that the Court award it relief as follows:

1. General and special damages in an amount to be proven at trial;
2. For prejudgment interest, costs of suit, and other related expenses in an amount to
3. be proven at trial;
4. For attorneys' fees and costs incurred in connection with this action and in obtaining coverage benefits to which REPAIRPAL is entitled pursuant to *Brandt v. Superior Court*, 37 Cal.3d 813 (1985)
5. Interest as provided by law on all amounts;
6. A declaration that, pursuant to the terms of the Policy, SCOTTSDALE owes REPAIRPAL coverage for the Loss as alleged herein;
7. For all other benefits of the SCOTTSDALE Policy according to proof; and
8. Such other and further relief as the court may deem just and proper.

**DEMAND FOR JURY TRIAL**

REPAIRPAL hereby demands a trial by jury of all issues properly triable in this action.

Dated: August 20, 2025

FARELLA BRAUN + MARTEL LLP

By: */s/ Shanti Eagle*
Shanti Eagle

Attorney for Defendant
REPAIRPAL, INC.